IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Richmond Division*

**JUSTIN CORNELL, No. 1738299,**
    *Petitioner,*

v.                          Civil Action No.: 3:21cv593

**DIRECTOR,**
**DEPARTMENT OF CORRECTIONS,**
    *Respondent.*

### RESPONDENT'S BRIEF IN SUPPORT OF RULE 5 ANSWER AND MOTION TO DISMISS WITHOUT PREJUDICE

The respondent, by counsel, moves this Court to dismiss Cornell's petition for writ of habeas corpus. In support of this motion, the respondent says as follows:

1. Cornell is currently confined under an Order from the Virginia Beach Circuit Court dated November 16, 2016, convicting him of murder in the second degree after a guilty plea. This Court sentenced Cornell to forty years of incarceration.

2. Cornell appealed his conviction to the Court of Appeals of Virginia, which refused his petition for appeal and petition for rehearing by orders dated June 30, 2017, and November 20, 2017, respectively. (Record No. 2007-16-1). Then, Cornell appealed to the Supreme Court of Virginia, which refused his petition for appeal on June 28, 2018. (Record No. 171695). Cornell appealed to the Supreme Court of the United States, and his petition was denied on April 15, 2019.

3. Cornell filed a petition for a writ of habeas corpus in the Virginia Beach Circuit Court, which was endorsed on August 29, 2019. The respondent filed a motion to dismiss

Cornell's habeas corpus petition on January 22, 2020. Cornell moved to voluntarily non-suit his petition, which the circuit court granted by Order dated July 30, 2021.

4. Cornell asserts that he has refiled a petition for a writ of habeas corpus in the Supreme Court of Virginia; however, the respondent is unable to verify that claim.[1]

## The Federal Petition

5. The present petition, which was endorsed on August 31, 2021, was filed with this Court on September 15, 2021. In his present petition, Cornell raises the following claims:

1. The Commonwealth presented insufficient evidence of malice.

2. The Commonwealth presented insufficient evidence of corpus delecti.

3. The Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that the petitioner committed the offense of second-degree murder.

4. Counsel was ineffective at trial.

5. The Commonwealth violated the petitioner's rights to a meaningful opportunity to present a complete defense, to confront and compel witnesses, and to due process.

6. The trial court violated the petitioner's right to due process by abusing its judicial discretion.

## The Petition is Time-Barred

6. Cornell's petition is untimely pursuant to 28 U.S.C. § 2244(d). This case is governed by the limitations period set forth in the Anti-terrorism Effective Death Penalty Act (AEDPA). As relevant to Cornell's claims, he had a one-year period from when his direct appeal concluded (or when the time to do so ended) to file his federal petition. "The limitation period shall run from the *latest* of . . . the date on which the judgment became final by the conclusion of

---

[1] Pursuant to the Virginia Code, Cornell is only permitted to refile in the same court in which he took the nonsuit, which, in this case, is the Virginia Beach Circuit Court. Va. Code § 8.01-380. Any filing in the Supreme Court of Virginia would be a separate petition and would be deemed untimely and successive. *See* Va. Code §§ 8.01-654 (A)(2) and (B)(2).

2

direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). *See also Lawrence v. Florida*, 549 U.S. 327, 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005); *See Allen v. Mitchell*, 276 F.3d 183, 185-86 (4th Cir. 2001).

7. Cornell's conviction became final on April 15, 2019, the date upon which the United States Supreme Court denied his petition for cert. Thus, the federal limitations period began to run on that date. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (the AEDPA provides that the one-year period does not commence until the latest of the date when judgment on direct review "became final" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)).

8. However, Cornell did not timely file a state habeas petition. Under Virginia law, Cornell had two years from his date of conviction or one year after the "final disposition of the direct appeal in **state court**." Va. Code § 8.01-654(A)(2) (emphasis added). Cornell's direct appeal in state court was final on June 28, 2018; therefore, his state habeas was required to be filed on or before June 28, 2019. However, his petition was not filed until, at the earliest, August 29, 2019, at least two months after the statute of limitations had run. As a result, there was no "properly filed" state habeas petition and Cornell is not entitled to any statutory tolling. Cornell's current petition is dated August 31, 2021. At the time Cornell signed his petition a total of 869 days had passed since his direct appeal had concluded. Consequently, Cornell's petition is 504 days too late. In addition, Cornell cannot rely on *Martinez v. Ryan*, 556 U.S. 1 (2012), for an untimely and unexhausted petition. *Martinez* does not excuse an untimely petition. *See Couch v. Woodson*, Civil Action 3:13cv146 (E.D. Va. Nov. 5, 2013) (holding "courts have found that

3

*Martinez* has no applicability to cases barred by § 2244(d)"). As the petition was not timely filed, it should be dismissed on that basis.

### *Exhaustion*

9. Absent a valid justification, a state prisoner must exhaust his remedies in state court before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b). The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). The purpose of the exhaustion doctrine is to give "state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 846 (1999). State prisoners **must**, therefore, "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* The exhaustion requirement is satisfied by a finding that the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd,* 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U. S. 270, 275-76 (1971)).

10. "The exhaustion requirement, though not jurisdictional, *Granberry v. Greer*, 481 U.S. 129, 131 (1987), is strictly enforced." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In the present case, claims 1, 2, and 3 have been presented to the Supreme Court of Virginia on direct appeal; however, the remaining claims are simultaneously exhausted and defaulted, as they have not been presented to any state court and Cornell could not now timely file a petition in state court. *See* Va. Code § 8.01-654(A)(2).

### **CONCLUSION**

11. The claims raised by Cornell are untimely and should be dismissed.

12. Every allegation not expressly admitted by the respondent should be taken as

4

denied.

13.     The Court can rule on the petition, based on the pleadings and the record, without the need for an evidentiary hearing.

WHEREFORE, the respondent moves this Court to dismiss without prejudice the petition for a writ of habeas corpus.

                                        Respectfully submitted,
                                        DIRECTOR,
                                        DEPARTMENT OF CORRECTIONS,
                                        Respondent herein

                                        _____/s/_____
                                        Craig W. Stallard
                                        Assistant Attorney General

Craig W. Stallard
Senior Assistant Attorney General
Virginia State Bar No. 43227
Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone:  (804) 786-2071
Facsimile:   (804) 371-0151
Email: oagcriminallitigation@oag.state.va.us

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2021, a copy of this Brief in Support of Motion to Dismiss and Rule 5 Answer was electronically filed with the Clerk of Court using the CM/ECF and a copy was mailed to the petitioner, Justin Keith Cornell, No. 1738299, Lawrenceville Correctional Center, 1607 Planters Road, Lawrenceville, Virginia 23868, petitioner *pro se*.

                _____/s/_____

                Craig W. Stallard
                Senior Assistant Attorney General
                Virginia State Bar No. 43227

Counsel for the Respondent,
Director, Department of Corrections
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone:  (804) 786-2071
Facsimile:   (804) 786-4329
E-Mail:  oagcriminallitigation@oag.state.va.us