IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUSTIN CORNELL, No. 1738299,
    Petitioner,

v.                                            Civil Action No.: 3:21cv593

DIRECTOR,
DEPARTMENT OF CORRECTIONS,
    Respondent.

## MOTION FOR STAY AND ABEYANCE

The petitioner, pro se, moves the Court for a stay and abeyance pending exhaustion, pursuant to Rhines v. Weber, 544 US 269 (2005).

1.     Mr. Cornell is an indigent inmate, and has been incarcerated since June 9, 2015. Inmates in Lawrenceville Correctional Center (LVCC) are not allowed access to the internet, and law library resources have been limited to a paging system due to COVID. As the COVID restrictions loosen, many inmates are trying to get time in the five stations in the Law Library (LL) to serve 1,500 inmates (approx.). Requests for time routinely take two weeks, or more.

2.     Claims 4, 5, 6, have not been exhausted by the highest court in the state, the Virginia Supreme Court (SCOVA). They were presented to the trial court in a habeas corpus petition on August 29, 2019. The trial court, Virginia Beach Circuit Court (VBCC) made no decision on the petition in 23 months. Mr. Cornell came to believe that he could go no further in that court after 21 months. In May 2021, Mr. Cornell filed for voluntary nonsuit, which was accepted by the VBCC on June 2. June 11, the Court requested submission of an order from the respondent.

3. Mr. Cornell is ignorant of the law, but his understanding of 28 U.S.C. §2244 is that while petition time limits are tolled while state petitions are between state courts reviews (i.e. the time between circuit court decision, and the SCOVA appeal) 2244 makes no exception for voluntary nonsuited cases. Mr. Cornell rushed to file this federal petition before seeking exhaustion in SCOVA because he feared his time would expire before SCOVA accepted his petition. As it turned out, SCOVA accepted the nonsuited petition quickly, and Mr. Cornell was able to complete the amended state habeas petition faster than he anticipated. Mr. Cornell believed the time was not tolled between the SCOVA rehearing denial (10-05-2018), and the acceptance by SCOTUS of the petition for certiorari (2-15-2019). Notarized Proof of Service. Believing the clock started on 10-5-2018, 87 days of the 365 were used before SCOTUS accepted the certiorari, leaving 278 days. SCOTUS denied rehearing on 6-16-2019, ending the tolling. Mr. Cornell filed the VBCC state habeas petition 74 days later on 8-29-2019 leaving 204 days. COV §8.01-229 sets the time for nonsuits to 180 days, leaving Mr. Cornell just 24 days. Mr. Cornell received notice of the 7-30-2021 grant of nonsuit on 8-9-2021, taking ten (10) days. Accounting for the 3-day mailbox rule, seven of the 24 days are lost, leaving 17 days. Seventeen days for Mr. Cornell to prepare a 28 U.S.C. §2254 petition. The present petition was filed 32 days after the grant of nonsuit, due to difficulty in accessing the law library. Had Mr. Cornell waited until after SCOVA reviewed the state petition, Mr. Cornell believed he would have filed 15 days too late. Ex. E.

4. Mr. Cornell is not willing to risk a time bar, preventing him from ever raising the three meritorious claims now before SCOVA awaiting exhaustion. These claims are potentially meritorious because they are based on: (4) the violation of Mr. Cornell's Sixth Amendment right to effective assistance

of counsel; (5) & (6) the violation of Mr. Cornell's Fourteenth Amendment right to due process; and because the facts alleged in the petition, if taken as true, are sufficient to merit relief.

    5.    Any delay in exhausting claims 4, 5, 6 is solely the result of the facts alleged in this declaration, and not the result of any intentionally dilatory litigation tactics. Mr. Cornell is not under capital punishment, and has no incentive to delay federal relief. Mr. Cornell is trying to save the state court's time by moving his petition from the circuit court to the court of final review to satisfy the exhaustion requirement. The clearest path to qualifying for nonsuit was to file the same proceeding in federal court.

    WHEREFORE, the petitioner moves this Court to stay this petition, and hold it in abeyance until such time as the Supreme Court of Virginia finishes their review, and the petitioner can return to this Court with all exhausted claims for review.

Respectfully submitted,

*/s/ Justin Cornell*

Justin Cornell, 1738299, Petitioner
LVCC, 81-209
1607 Planters Road
Lawrenceville, VA 23868
Pro se