IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JUSTIN CORNELL,
    Petitioner,

v.                                        Civil No. 3:21cv593 (DJN)

HAROLD CLARKE, DIRECTOR, V.D.O.C
    Respondent.

**MEMORANDUM OPINION**

Justin Cornell, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his conviction in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"). Respondent filed a Motion to Dismiss (ECF No. 7), moving to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (Resp.'s Br. in Supp. of Rule 5 Answer and Mot. to Dismiss ("Resp.'s Br.") (ECF No. 8).) Cornell has responded.[2] For the reasons set forth below, Respondent's Motion to Dismiss (ECF No. 7) will be DENIED WITHOUT PREJUDICE.

**I.    PERTINENT PROCEDURAL HISTORY**

Cornell was convicted of second-degree murder in the Circuit Court. *See Cornell v. Commonwealth*, No. 2007-16-1, at 1 (Va. Ct. App. June 30, 2017). Cornell appealed. *Id.* On June 28, 2018, the Supreme Court of Virginia refused Cornell's petition for appeal. *Cornell v.*

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from Cornell's submissions.

[2] In response, Cornell filed, *inter alia*, a Reply (ECF No. 12), two Motions for Stay and Abeyance (ECF Nos. 13, 16), a Proposed First Amended Petition (ECF No. 14), and Petitioner's Rule 5 Reply (ECF No. 15).

*Commonwealth*, No. 171695 (Va. June 28, 2018). Thereafter, on October 5, 2018, the Supreme Court of Virginia denied Cornell's petition for rehearing. *Cornell v. Commonwealth*, No. 171695 (Va. Oct. 5, 2018).

On April 15, 2019, the Supreme Court of the United States denied Cornell's petition for a writ of certiorari. *Cornell v. Virginia*, 139 S. Ct. 1574 (2019). Thereafter, on June 17, 2019, the Supreme Court denied Cornell's petition for rehearing. *Cornell v. Virginia*, 139 S. Ct. 2735 (2019).

Sometime thereafter, Cornell filed a petition for a writ of habeas corpus in the Circuit Court ("Circuit Court Habeas Petition"). Petition for Writ of Habeas Corpus 1, *Cornell v. Clarke*, No. CL19–5935 (Va. Cir. Ct. 2019). The Circuit Court Habeas Petition is stamped "filed" as of October 21, 2019. *Id.* The Circuit Court Habeas Petition was executed on August 29, 2019. *Id.* at 4. However, it appears that the Circuit Court Habeas Petition was not mailed to the Circuit Court until sometime after that date because exhibits submitted contemporaneously with the Circuit Court Habeas Petition were not executed until September 17, 2019 and September 30, 2019. *Id.* Exs. Y, Z. On July 30, 2021, the Circuit Court granted Cornell's motion to nonsuit the Circuit Court Habeas Petition. (ECF No. 13-6, at 1.)

According to Cornell, on November 16, 2021, he filed a new petition for a writ of habeas corpus with the Supreme Court of Virginia. (*See* ECF No. 13-5, at 1.)

On August 31, 2021, Cornell filed his § 2254 Petition with this Court. (ECF No. 2, at 1.)[3]

---

[3]   This is the date on which Cornell claims the he placed his § 2254 Petition in the prison mail system for mailing to the Court. The Court deems the § 2254 Petition filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

## II.  ANALYSIS

### A.  Statute of Limitations

Respondent contends that the federal statute of limitations bars Cornell's § 2254 Petition. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B.   **Commencement of the Statute of Limitations**

Under 28 U.S.C. § 2244(d)(1)(A), Cornell's conviction became final on June 17, 2019, when the Supreme Court of the United States denied his petition for rehearing. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

2.   **Statutory Tolling**

The statute of limitations began running on June 18, 2019.[4] Respondent contends that, because more than a year elapsed before Cornell filed his § 2254 Petition in this Court on August 31, 2021, Cornell has not timely filed the § 2254 Petition. (Resp.'s Br. at 3-4.) In making this argument, Respondent asserts that Cornell cannot rely on statutory tolling under 28 U.S.C. § 2244(d)(2) for his Circuit Court Habeas Petition or for the petition for a writ of habeas corpus that he filed with the Supreme Court of Virginia in November of 2021. (Resp.'s Br. at 3-4.)

To qualify for statutory tolling an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2).

> [A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, *the form of the document, the time limits upon its delivery*, the court and office in which it must be lodged, and *the requisite filing fee*.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citation omitted) (second and third emphases added; internal footnote omitted). "[F]or example, an application is erroneously accepted by the clerk of

---

[4]   In moving for dismissal, Respondent erroneously asserts that Cornell's conviction became final under 28 U.S.C. § 2244(d)(1)(A), on April 15, 2019, the date the Supreme Court denied the petition for certiorari, rather than the date it denied the petition for rehearing. *Smith v. Clarke*, 2020 WL 5406435, at *2 (W.D. Va. Sept. 9, 2020) (concluding that statute of limitations began to run on the date that the Supreme Court denied rehearing of the petition for certiorari), *appeal dismissed*, 839 F. App'x 831 (4th Cir. 2021).

4

a court lacking jurisdiction, or is erroneously accepted without the requisite filing fee, it will be *pending*, but not *properly filed*." *Id.* at 9.

Respondent contends that Cornell did not properly file his Circuit Court Habeas Petition, because he did not timely file it under state law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (concluding that when a postconviction petition is untimely under state law then the petition is not entitled to statutory tolling). The relevant Virginia statute requires that "[a] habeas corpus petition attacking a criminal conviction or sentence shall be filed within two years from the date of final judgment in the trial court or within one year from either *final disposition of the direct appeal in state court* or the time for filing such appeal has expired, *whichever is later.*" Va. Code Ann. § 8.01–654(A)(2) (emphasis added). Respondent asserts that "Cornell's direct appeal in state court was final on June 28, 2018; therefore, his state habeas petition was required to be filed on or before June 28, 2019. However, his petition was not filed until, at the earliest, August 29, 2019, at least two months after the statute of limitations had run." (Resp.'s Br. at 3.) In making this argument, Respondent fails to acknowledge that the Supreme Court of Virginia denied Cornell's petition for rehearing on October 5, 2018, and that is the critical date for purposes of section 8.01–654(A)(2) of the Code of Virginia. *See Smith*, 2020 WL 5406435, at *2 ("The final disposition of Smith's direct appeal in *state* court was June 30, 2016, when the Supreme Court of Virginia denied his Petition for Rehearing.") It remains unclear from the current record whether Cornell filed his Circuit Court Habeas Petition within one year of that date and whether the § 2254 Petition is untimely if the limitation period was tolled until Circuit Court Habeas Petition was non-suited on July 30, 2021. Thus, Respondent fails to demonstrate on the current record that the statute of limitations bars the § 2254 Petition. Accordingly, Respondent's Motion to Dismiss (ECF No. 7) will be DENIED WITHOUT PREJUDICE.

## III. FURTHER PROCEEDINGS

Within thirty days (30) of the date of entry hereof, Respondent shall PROVIDE the Court with an update on the status of Cornell's Petition for a Writ of Habeas Corpus filed with the Supreme Court of Virginia. Additionally, within thirty (30) days of the date of entry hereof, Respondent shall state whether he has any objection in responding to Cornell's Proposed First Amended Petition (ECF No. 14). Upon receipt of Respondent's responses above, the Court will set a new briefing schedule. Cornell's Motions for Stay and Abeyance (ECF Nos. 13, 16) will be DENIED WITHOUT PREJUDICE to renew if necessary.

An appropriate Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Cornell and counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: August 22, 2022