**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Richmond Division*

**JUSTIN CORNELL, No. 1738299,**
    *Petitioner,*

v.                                                   Civil Action No.: 3:21cv593

**DIRECTOR,
DEPARTMENT OF CORRECTIONS,**
    *Respondent.*

**RESPONDENT'S CORRECTED BRIEF IN SUPPORT OF RULE 5 ANSWER
AND MOTION TO DISMISS WITHOUT PREJUDICE**

The respondent, by counsel, moves this Court to dismiss Cornell's petition for writ of habeas corpus. In support of this motion, the respondent says as follows:

1. Cornell is currently confined under an Order from the Virginia Beach Circuit Court dated November 16, 2016, convicting him of murder in the second degree after a guilty plea. The trial court sentenced Cornell to forty years of incarceration.

2. Cornell appealed his conviction to the Court of Appeals of Virginia, which refused his petition for appeal and petition for rehearing by orders dated June 30, 2017, and November 20, 2017, respectively. (Record No. 2007-16-1). Then, Cornell appealed to the Supreme Court of Virginia, which refused his petition for appeal on June 28, 2018. (Record No. 171695). A petition for rehearing was denied on October 5, 2018. Cornell appealed to the Supreme Court of the United States, and his petition was denied on April 15, 2019.

3. Cornell filed a petition for a writ of habeas corpus in the Virginia Beach Circuit Court, which was endorsed on August 29, 2019. The respondent filed a motion to dismiss Cornell's habeas

corpus petition on January 22, 2020. Cornell moved to voluntarily non-suit his petition, which the circuit court granted by Order dated July 30, 2021. (Exhibit 1).

4. Cornell refiled a petition for a writ of habeas corpus in the Supreme Court of Virginia on or about November 9, 2021. (Record No. 211062). The respondent was not aware of the petition until the Supreme Court of Virginia issued an Order to respond to the petition on December 15, 2021. (Exhibit 2). The respondent moved to dismiss, however by Order dated July 6, 2022, the Supreme Court of Virginia transferred the case back to the Virginia Beach Circuit Court, pursuant to Va. Code 8.01-380(A), which states that after non-suit of a petition, if it is refiled in the wrong court, the remedy is to transfer to the proper court, not to dismiss. (Exhibit 3). Cornell filed a petition for rehearing in the Supreme Court of Virginia on August 1, 2022, which is still pending.

## The Federal Petition

5. The present petition, which was endorsed on August 31, 2021, was filed with this Court on September 15, 2021. In his present petition, Cornell raises the following claims:

1. The Commonwealth presented insufficient evidence of malice.

2. The Commonwealth presented insufficient evidence of corpus delecti.

3. The Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that the petitioner committed the offense of second-degree murder.

4. Counsel was ineffective at trial.

5. The Commonwealth violated the petitioner's rights to a meaningful opportunity to present a complete defense, to confront and compel witnesses, and to due process.

6. The trial court violated the petitioner's right to due process by abusing its judicial discretion.

### *The Petitioner has Time and an Opportunity to Exhaust in State Court.*

6. Cornell's petition has been transferred back to the circuit court in which he initially filed his petition. It appears that he will now have an opportunity to have his petition addressed on the merits. As such, he will have an opportunity to exhaust all of his state remedies before returning to federal court.

7. Cornell's conviction became final on April 15, 2019, the date upon which the United States Supreme Court denied his petition for cert. Thus, the federal limitations period began to run on that date. *See Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000) (the AEDPA provides that the one-year period does not commence until the latest of the date when judgment on direct review "became final" or "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)).

8. Under Virginia law, Cornell had two years from his date of conviction or one year after the "final disposition of the direct appeal in state court." Va. Code § 8.01-654(A)(2) (emphasis added). Cornell's direct appeal in state court was final on October 5, 2018; therefore, his state habeas was required to be filed on or before October 5, 2019. His state court petition was timely filed on August 29, 2019. At the time he filed his state habeas petition, 136 days of his federal statute of limitations had run. (April 15, 2019 to August 29, 2019). When the state habeas proceedings are concluded, Cornell will still have the balance of the one-year period, 229 days, to refile his petition.

9. Cornell will not be prejudiced by a dismissal without prejudice and he will have ample time to refile his petition, if necessary, after the state habeas proceedings have concluded. This Court should, in its discretion, grant the respondent's motion to dismiss without prejudice and not leave this inactive case on its docket for an indefinite period of time.

10. The Court can rule on the motion, based on the pleadings and the record, without the need for an evidentiary hearing or an argument on the motion to stay.

11. In addition, the respondent has no objection to filing a responsive pleading to Cornell's "First Amended Petition for a Writ of Habeas Corpus." (ECF 14). Although, the petitioner should be permitted to attempt to exhaust his claims in state court first.

## CONCLUSION

WHEREFORE, the respondent moves this Court to dismiss without prejudice the petition for a writ of habeas corpus.

Respectfully submitted,
**DIRECTOR,**
**DEPARTMENT OF CORRECTIONS**,
Respondent herein

_____/s/_____
Craig W. Stallard
Senior Assistant Attorney General

Craig W. Stallard
Senior Assistant Attorney General
Virginia State Bar No. 43227

Office of the Attorney General
202 North 9th Street
Richmond, VA 23219
Telephone: (804) 786-2071
Facsimile: (804) 371-0151
Email: oagcriminallitigation@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, a copy of this Brief in Support of Motion to Dismiss without Prejudice and Rule 5 Answer was electronically filed with the Clerk of Court using the CM/ECF and a copy was mailed to the petitioner, Justin Keith Cornell, No. 1738299, VADOC Mail Distribution 3521 Woods Way, State Farm, Virginia 23160, petitioner *pro se*.

_____/s/_____

Craig W. Stallard
Senior Assistant Attorney General
Virginia State Bar No. 43227

Counsel for the Respondent,
Director, Department of Corrections
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
Telephone:  (804) 786-2071
Facsimile:   (804) 786-4329
E-Mail:  oagcriminallitigation@oag.state.va.us