IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JUSTIN CORNELL,
    Petitioner,

v.                                                    Civil No. 3:21cv593 (DJN)

DIRECTOR, DEPARTMENT
OF CORRECTIONS,
    Respondent.

## MEMORANDUM OPINION

Justin Cornell, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1)[1] challenging his conviction in the Circuit Court for the City of Virginia Beach, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that Cornell has failed to exhaust his state court remedies. For the reasons set forth below, Respondent's Amended Motion to Dismiss (ECF No. 23) will be GRANTED.[2]

### I. PERTINENT PROCEDURAL HISTORY

Cornell was convicted of second-degree murder in the Circuit Court. *See Cornell v. Commonwealth*, No. 2007-16-1, at 1 (Va. Ct. App. June 30, 2017). Cornell appealed. *Id.* On June 28, 2018, the Supreme Court of Virginia refused Cornell's petition for appeal. *Cornell v. Commonwealth*, No. 171695 (Va. June 28, 2018). Thereafter, on October 5, 2018, the Supreme

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spacing in the quotations from Cornell's submissions.

[2] By Memorandum Opinion and Order entered on August 22, 2022, the Court denied a prior Motion to Dismiss filed by Respondent wherein he argued the action was barred by the relevant statute of limitations. (ECF Nos. 20, 21.)

Court of Virginia denied Cornell's petition for rehearing. *Cornell v. Commonwealth*, No. 171695 (Va. Oct. 5, 2018).

On April 15, 2019, the Supreme Court of the United States denied Cornell's petition for a writ of certiorari. *Cornell v. Virginia*, 139 S. Ct. 1574 (2019). Thereafter, on June 17, 2019, the Supreme Court denied Cornell's petition for rehearing. *Cornell v. Virginia*, 139 S. Ct. 2735 (2019).

Sometime later, Cornell filed a petition for a writ of habeas corpus in the Circuit Court ("Circuit Court Habeas Petition"). Petition for Writ of Habeas Corpus 1, *Cornell v. Clarke*, No. CL19–5935 (Va. Cir. Ct. 2019). The Circuit Court Habeas Petition is stamped "filed" as of October 21, 2019. *Id.* The Circuit Court Habeas Petition was executed on August 29, 2019. *Id.* at 4. However, it appears that the Circuit Court Habeas Petition was not mailed to the Circuit Court until sometime after that date, because exhibits submitted contemporaneously with the Circuit Court Habeas Petition were not executed until September 17, 2019 and September 30, 2019. *Id.* Exs. Y, Z. On July 30, 2021, the Circuit Court granted Cornell's motion to nonsuit the Circuit Court Habeas Petition. (ECF No. 13-6, at 1.)

On November 9, 2021, Cornell filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 24-3, at 1.) On July 6, 2022, the Supreme Court of Virginia transferred the petition to the Circuit Court pursuant section 8.01–380(A) of the Virginia Code. (*Id.*)

## II. ANALYSIS

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity" and

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

3

Here, Cornell clearly has the ability under Virginia law to raise some of his claims for federal habeas relief in his pending state habeas proceedings. *See* 28 U.S.C. § 2254(c). Therefore, Cornell has not exhausted his available state court remedies. Accordingly, the Amended Motion to Dismiss (ECF No. 23) will be GRANTED. The action will be DISMISSED WITHOUT PREJUDICE to refile after Cornell has exhausted his state court remedies. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Cornell and all counsel of record.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: December 16, 2022